United States Bankruptcy Court
District of Massachusetts
Eastern Division

In Re:

Bankruptcy Appeal
Civil Action No. 03-12640-MLW

**MICHAEL P. FRIEDMAN,**
*Debtor*

### Affidavit In Support Of Motion To Remand Case For Purpose Of Addressing Stipulation Of Dismissal

Being duly sworn, I do hereby depose and say that:

1.      I am counsel of record for Michael Friedman, the debtor/appellant.

2.      In January of this year, the undersigned filed and this court allowed a "Motion That Appeal Be Held In Abeyance Pending Resolution Of Motion For Relief From Judgment Under Fed. R. Civ. P. 60." The undersigned then filed a Rule 60 motion.  During two hearings before Judge Feeney in the Bankruptcy Court, the parties reported that they had an agreement worked out to resolve all issues and that once some minor details were worked out and due diligence completed, they would be filing a stipulation of dismissal.  Judge Feeney indicated that she was inclined to accept that stipulation, vacate the judgment, and dismiss the matter. The parties subsequently entered into and filed a "Stipulation and Joint Motion to Vacate Judgment and Dismiss All Claims."

3.    Within the past few days, Judge Feeney expressed concern that she lacks jurisdiction to allow the motion.  Her clerk indicated to me that while this court held the appeal in abeyance for the purpose of addressing the motion, nothing in the order gave Judge Feeney jurisdiction to act on the motion.  She suggested that I dismiss this appeal, which would then divest this court of jurisdiction and give the Bankruptcy Court jurisdiction to act on the motion. My concern with this course of action is that if for some reason Judge Feeney does not allow the joint motion, the parties will have lost the right to appeal the original judgment.

4.    I believe Judge Feeney is incorrect as to her authority to act on the Rule 60 motion. *See Pena v. United States* 157 F.3d 984, 986 (5th Cir. 1998) (rejecting doctrine of exclusivity of jurisdiction and holding that allowance of motion to hold appeal in abeyance confers jurisdiction on trial court to address motion while retaining jurisdiction for all other purposes); *Williamson v. Mark*, 116 F.3d 115 (5th Cir. 1997) (same); *United States v. Christy*, 3 F.3d 765, 768 (4th Cir. 1993) (same).  However, I believe the issue can be resolved by remanding the case for the purpose of addressing the Rule 60 motion and the stipulation of dismissal.

5.    It is the appellant's intention to dismiss this appeal as soon as the stipulation and motion to dismiss is allowed.  Where there is an agreement between the parties, and where Judge Feeney appears to agree that acceptance of the stipulation is an appropriate resolution of this matter, remanding the matter to the Bankruptcy Court for the

purpose of addressing the stipulation of dismissal would serve the best

interests of the parties and the courts.

      Signed under the pains and penalties of perjury.

 

_____
Dana A. Curhan

Date: July 7, 2004

United States Bankruptcy Court
District of Massachusetts
Eastern Division

In Re:

**MICHAEL P. FRIEDMAN,**
           *Debtor*

Bankruptcy Appeal
Civil Action No. 03-12640-MLW

### Certificate of Service

I certify that I have served one (1) copy of the attached motion and affidavit by sending them first class mail, postage prepaid, to:

William G. Billingham, Esq.
Billingham and Marzelli
1025 Plain Street
Marshfield, MA 02050

Dana Alan Curhan
B.B.O. # 544250
101 Arch Street
Suite 305
Boston, Massachusetts 02110
(617) 261-3800

July 7, 2004